# THE QUAKER OATS COMPANY *v.* MOTHER'S MACA-RONI COMPANY.

TRADEMARKS; CONFUSION; GOODS OF SAME DESCRIPTIVE PROPERTIES.

The registration of the word "Mother's," as a trademark for macaroni, spaghetti, and vermicelli will not be denied on the ground that it would be deceptive and confusing merely because it is already in use as a trademark for breakfast cereals.

No. 862. Patent Appeals. Submitted November 12, 1913. Decided December 1, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Frank F. Reed, Mr. Edward S. Rogers,* and *Mr. Francis M. Phelps* for the appellant.

*Mr. Frank A. Whiteley* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office dismissing the opposition of the Quaker Oats Company, appellant, to the registration to Mother's Macaroni Company, appellee, of the word "Mother's" as a trademark for macaroni, spaghetti, and vermicelli.

The opposer is an extensive manufacturer of breakfast cereals of various kinds, which it sells under a similar mark. In the decision of the First Assistant Commissioner of Patents, from which this appeal was taken, the facts and the law are so com-

prehensively and satisfactorily reviewed that we are quite content to adopt it here.   It may conduce to a better understanding of the case if we reproduce a few paragraphs of the opinion, as follows:

"There is also in the brief (of opposer) extended discussion of methods of manufacture and chemical analysis of the goods of opposer and applicant, but it is evident that these have no bearing upon the question here involved, which is whether the ordinary purchaser would be deceived  by seeing the word 'Mother's' upon applicant's products into believing that they were the products of the opposer.   The ordinary purchasers of breakfast foods and macaroni would not discriminate in the purchase of goods according to methods of manufacture or chemical formulæ.

"It has been the uniform practice of this office to regard cereal breakfast foods as constituting a distinct class of goods, and there is nothing adduced by this record which would justify any different holding.   It may be that on some occasions, by some people, macaroni is eaten for breakfast, but this fact of itself would not constitute ground for holding macaroni to be goods of the same descriptive properties as toasted corn flakes, any more than the well-known fact that in certain parts of the United States pie is eaten for breakfast would constitute ground for making such a holding with reference to pie and oatmeal. The uses of cereal breakfast foods and macaroni, vermicelli, and spaghetti are well known, and it is not believed that any confusion would result by the use of the applicant's mark upon the latter, due to the fact that opposer had used the same mark upon the former prior to the adoption and use of it by applicant.

"There is no testimony in this case that any manufacturer of breakfast foods has also manufactured macaroni, vermicelli, or spaghetti.

"I know of no case, and have been referred to none by the opposer, in which a defendant has been restrained from the use of a mark where its goods are as far removed from those of the plaintiff as in the present case, nor of any case where, under such circumstances, an opposition has been sustained."

For reasons stated in the opinion of the Assistant Commissioner, we affirm the decision.                    *Affirmed.*